NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0031n.06

No. 12-3344

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 07, 2013*
DEBORAH S. HUNT, Clerk

LI FANG LIU; YONG QIN LIU,       )
                                 )
            Petitioners,         )
                                 )  ON PETITION FOR REVIEW FROM A
v.                               )  FINAL ORDER OF THE BOARD OF
                                 )  IMMIGRATION APPEALS
ERIC H. HOLDER, JR., Attorney General,  )
                                 )
            Respondent.          )
                                 )

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Li Fang Liu (Li) and her husband, Yong Qin Liu (Yong) (collectively "the Lius"), are natives and citizens of China petitioning for review of an order by the Board of Immigration Appeals (Board) affirming a decision by an Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture.

With the assistance of smugglers, Yong entered the United States in November 1997, and Li entered in April 2000.  Li filed her application for asylum on April 21, 2006, naming Yong as a derivative beneficiary, based on a fear of persecution because they had three children at the time they filed their application, subjecting them to sterilization if they returned to China, according to the country's family-planning policies.  Li and her husband also feared that, in addition to sterilization, they would be forced to pay exorbitant fines and fees, and that if they did not pay the fines, they would be deprived of civil services in China, including a government-provided education for their

children. Yong later withdrew his request for asylum, and filed a separate application for withholding of removal and relief under the Convention Against Torture.

The government began removal proceedings against the Lius who subsequently admitted removability. An IJ conducted a joint hearing in 2008 and determined that Li's asylum application was untimely because it was not filed until 2006, approximately six years after she arrived in the United States. The IJ determined that, even if the birth of Li's second child in 2001, the first having been born in China in 1996, was considered a changed circumstance that could toll the one-year statutory period for filing an asylum application, Li had not filed within a reasonable period after this change, citing 8 C.F.R. § 1208.4(a)(4)(ii).

The IJ then determined that Li had not shown that she was subjected to past persecution, or that she had a well-founded fear of persecution should she be removed to China. The IJ stated that the family-planning policies regarding forced sterilization had changed in Fujian, the Lius' home province. The IJ also found that, even if Li and Yong were charged a fee to register their children for educational benefits, the fee would not amount to economic persecution given their apparent financial circumstances. Moreover, the Lius had not demonstrated any intent to have another child after moving to China. The IJ concluded that, as a result, Li and Yong had failed to meet their burden for either asylum or withholding of removal.

The Board dismissed the Lius' appeal, agreeing with the IJ that Li's asylum application was not timely, and that Li had failed to file her application within a reasonable time after her changed circumstances, specifically the birth of her second child in 2001. The Board also determined that Li and Yong had failed to establish past persecution, or a well-founded fear of persecution, relying on 2007 and 2008 country reports showing that Fujian Province no longer practiced or supported forced sterilization, particularly if children had been born abroad. In addition, the Board noted that any fines or fees that the Lius would be required to pay to register their children would not reduce

them to an impoverished existence that would equate to economic persecution. The Board then affirmed the denial of the Lius' requests for relief.

Li argues that she was credible, that the one-year period for filing her asylum application should have been measured from the time her third child was born in 2005, and that she had established a well-founded fear of future persecution as a member of a group who would be subjected to forced sterilization upon her return. Li also argues that, based on the same facts and circumstances, she met her burden for withholding of removal and for relief under the Convention Against Torture.

Li and Yong fail to present any argument on appeal regarding their claim of past persecution in China. Therefore, they have waived the opportunity for us to review that claim. *See Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006).

The Lius argue that we must accept their testimony as credible because the IJ failed to make an explicit adverse-credibility determination. However, their credibility is not an issue because the Board accepted their testimony as credible in deciding their case.

"Where the [Board] reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the [Board's] decision as the final agency determination." *Shaya v. Holder*, 586 F.3d 401, 405 (6th Cir. 2009) (quotation marks and citation omitted). We will not reverse the Board's findings unless a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4); *Karimijanaki v. Holder*, 579 F.3d 710, 721 (6th Cir. 2009). Moreover, we will uphold the Board's findings as long as they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

An application for asylum filed after one year from the date of entry is untimely. *See* 8 U.S.C. § 1158(a)(2)(B). Under section 1158(a)(3), we are precluded from reviewing the question

of whether an asylum application has been timely filed within the one-year limit. *See Castellano-Chacon v. INS*, 341 F.3d 533, 544 (6th Cir. 2003). Jurisdiction does not lie when the appeal "seeks review of discretionary or factual questions." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006). The questions Li presents regarding whether her delay was reasonable, including the question of whether she was aware of any family-planning policy violation after her second child was born, are factual in nature. Thus, we lack jurisdiction to consider them. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011).

However, we have jurisdiction to consider the Lius' claims of withholding of removal and relief under the Convention Against Torture. To prevail on a request to withhold removal, an alien must show that there is a clear probability that the alien would be subject to persecution if he or she returned to the country in question. *Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010). The Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); *Vasha v. Gonzales*, 410 F.3d 863, 875 (6th Cir. 2005). In order to establish entitlement to relief under the Convention Against Torture, an alien must prove that it is more likely than not that the alien will be tortured with the consent or acquiescence of public officials if he or she returns to the country in question. *See* 8 C.F.R. § 208.16(c)(2); *Khozhaynova*, 641 F.3d at 197.

The Board's decision is supported by reports from the United States Department of State showing that the policy regarding the forced sterilization in China has changed over the last five years. The Lius admit that these more recent reports do not mention any specific cases of sterilization in Fujian Province, but argue, nevertheless, that this coercive policy still exists throughout the country. We have considered similar claims and concluded that, considering all the information on family planning in Fujian, including the 2007 and 2008 country reports, a rational adjudicator could find that the province is lax in enforcing its formal family-planning policies, and

that "the probability of forced sterilization for any Chinese national returning to Fujian is low." *Xue Ying Lin v. Gonzales*, 203 F. App'x 704, 708 (6th Cir. 2006). The fact that all but one of the Lius' four children were born in the United States "further decreases the likelihood of forced sterilization upon return." *Id.*; *see also Fang Huang v. Mukasey*, 523 F.3d 640, 652-53 (6th Cir. 2008).

The Board properly determined, based on the Lius' description of their financial circumstances, and the lack of any evidence to the contrary, any fines and fees imposed after registering their children would not equate to economic persecution. *See Daneshvar v. Ashcroft*, 355 F.3d 615, 624 n.9 (6th Cir. 2004). Further, the Lius have never received any personal threats or information directing them to undergo forced sterilization if they were to return with their children, and they cannot rely on mere speculation or assertions of possible persecution to support their claim.

The Board properly upheld the IJ's denial of withholding of removal because the Lius failed to meet their burden of showing a clear probability that they would be subjected to persecution if removed to China with their children. Moreover, based on this same evidence, they have failed to meet their burden for relief under the Convention Against Torture. *See Khozhaynova*, 641 F.3d at 197.

The petition for review is denied.